The judgment is affirmed in part, reversed in part and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

MATIA and PRYATEL, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

HOBAN, Appellant,

v.

HOBAN, Appellee.

[Cite as *Hoban v. Hoban* (1990), 64 Ohio App.3d 257.]

Court of Appeals of Ohio,
Wayne County.

No. 2551.

Decided July 11, 1990.

*Lon Vinion,* for appellant.
*Martin Frantz,* for appellee.

QUILLIN, Judge.

The central issue presented in this child support appeal is whether the trial court must find a substantial change in circumstances before it may modify an award of an income tax dependency exemption. Because we hold that a showing of a substantial change in circumstances is required before the dependency exemption may be modified, we reverse.

In December 1987, the Wayne County Court of Common Pleas registered a foreign support order from North Carolina. The foreign support order resulted from a consent order filed in September 1986 between appellant Patricia Hoban and appellee James M. Hoban. Subsequent to the registration of this order, both parties filed various motions with the Wayne County Court of Common Pleas. At the conclusion of the hearing on these motions, the referee recommended that the trial court (1) find Patricia in contempt for denying James visitation rights, (2) deny Patricia's motions for modification of

visitation and reimbursement for real estate expenses, (3) award James the right to claim the minor children as dependents for income tax purposes beginning with the 1990 tax year, (4) deny both parties' requests for attorney fees, and (5) deny Patricia's motion to find James in contempt for failing to pay one half of the children's unpaid medical expenses.

The trial court adopted the recommendations of the referee over Patricia's objections.

Patricia raises four assignments of error.[1]

## Assignment of Error I

"The trial court erred in modifying the previous orders of the court so that the appellee could claim the minor children for tax purposes."

■ Neither Section 152(e), Title 26, U.S. Code, as amended by the Tax Reform Act of 1984, nor the Sixteenth Amendment to the United States Constitution precludes a state domestic relations court from awarding the dependent child tax exemption to the noncustodial parent in a divorce proceeding. *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213, syllabus.

R.C. 3113.21(B) was amended by Am.Sub.H.B. No. 591, effective April 12, 1990. One of the stated purposes of this legislation was to permit the court to reconsider which parent may claim the children as dependents for federal income tax purposes whenever it reconsidered a child support order.

The legislation added R.C. 3113.21(B)(10), which provides:

"Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended, and shall issue its determination on this issue as part of the child support order. The court in its order may permit the noncustodial parent to claim the children as dependents for federal income tax purposes only if the payments for child support are current in full as ordered by the court for the year in which the children will be claimed as dependents. If the court determines that the noncustodial parent may claim the children as dependents for federal income tax purposes, it shall order the custodial parent to take whatever action is necessary pursuant to section 152 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended, to enable the noncustodial parent to claim the children as depend-

---

1. Reporter's Note: The text of the opinion as it appears herein was abridged with the approval of Judge Quillin.

■

ents for federal income tax purposes in accordance with the order of the court. Any willful failure of the custodial parent to comply with the order of the court is contempt of court." 143 Ohio Laws, Part IV, 5957, 5981–5982.

■ Therefore, R.C. 3113.21(B)(10) gives the court the authority to modify which parent may claim the dependency exemption when it modifies, reviews or reconsiders a child support order.

■ In this instance, we must determine whether the trial court has the authority to modify which parent receives the tax exemption when it does not otherwise modify the support order or make a separate finding of a change in circumstances.

James contends that based on this new legislation, he may request a review of the child support order, without the necessity of demonstrating a change in circumstances. We disagree.

Before the new law was enacted, a child support order could not be modified absent a showing of a substantial change in circumstances which was not within the knowledge or contemplation of the court at the time the last order was entered. *Boltz v. Boltz* (1986), 31 Ohio App.3d 214, 215, 31 OBR 484, 484–485, 509 N.E.2d 1274, 1275. Once a change in circumstances was found to exist, the trial court redetermined what amount was reasonable or necessary for support based on the factors in R.C. 3109.05. *Jarboe v. Jarboe* (Feb. 24, 1988), Summit App. No. 13266, unreported, 1988 WL 24357.

The record reflects that James presented no evidence or argument that the circumstances had changed substantially so as to justify a redetermination of the original award. Nor has James persuaded us to deviate from the longstanding requirement of a showing of a substantial change in circumstances to modify a previous court order.

In *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183, the Supreme Court of Ohio stated:

"However, a parent is not automatically entitled to the exemption when that parent is ordered to pay child support. Parents are *legally obligated* to support their offspring and failure to adequately provide support can result in criminal charges. R.C. 2919.21. Supporting one's children is not an option, but a duty.

" * * *

"Thus, if a trial court exercises the authority to allocate a child dependency deduction to the noncustodial parent, the record must show that the interest of the child has been furthered." (Emphasis *sic*.)

For example, awarding the dependency exemption to the parent in the higher tax bracket so that the higher-earning parent could pay more child support achieved an overall equitable result. *Id.* at 333, 528 N.E.2d at 183–184.

Therefore, we hold that based on prior case law and R.C. 3113.21(B)(10), the trial court may modify the dependency exemption, just as any other portion of a support order, only after finding a substantial change in circumstances.

In this instance, the trial court made no finding that there had been a change in circumstances sufficient to modify the support order. Nor was there a showing that the allocation of the dependency exemptions to James was in the best interest of the children.

The assignment of error is well taken.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and CIRIGLIANO, J., concur.