DECISION AND JUDGMENT ENTRY
Pursuant to 6th Dist.Loc.App.R. 12(C), this appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby assigned to the accelerated calendar. Because the trial court did not err in denying a motion for reallocation of tax exemptions filed by appellant, Nancy A. Blair, in this post-divorce matter, this court affirms the judgment of the trial court.
In her assignment of error, appellant argues that the trial court erred in requiring that there be a substantial change of circumstances before the tax exemptions be reallocated. As a standard of substantial change, the trial court applied a ten percent deviation between the child support order and the Child Support Guidelines; the trial court found appellant had not established a ten percent deviation in order to warrant a modification. Appellant argues that tax deduction interests are not contemplated in the definition of "child support order." This court finds no merit in this assignment of error.
This court may not reverse the trial court's determination absent a showing of an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted).
In Loyd v. Loyd (June 11, 1993), Lucas App. No. L-92-156, unreported, after noting that R.C. 3113.21(B)(10) was enacted to provide discretionary authority to modify an order allocating dependency exemptions, this court stated:
 " * * * Viewed in the circumstances under which it arose, it is apparent that the legislature intended the use of the term `child support order' to indicate that the domestic relations court retains continuing jurisdiction to modify an order which awards dependency exemptions to either or both parents. Furthermore, R.C. 3113.215 defines, for the purpose of calculating the amount of a child support obligations, a `child support order' as an `order for the payment of child support.' In Singer, _supra[1], at 414, the Supreme Court of Ohio held that an order allocating a dependency exemption related to the parent's continuing duty to support their child and, consequently, was an `order for the payment of child support.' Based on the foregoing, we conclude that an order allocating the dependency exemptions between the parents of minor children is a `child support order' within the meaning of R.C. 3113.21(B)(10) and can be separately modified, reviewed, or otherwise reconsidered. Accord, Hoban, supra[2] (the allocation of a dependency exemption can, just like other portions of a child support order, be modified upon a showing of substantial change of circumstances). (Emphasis added.)"
In DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus, the Ohio Supreme Court held:
 "2. When the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) in the Child Support Guidelines and the standards set out in Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496."
R.C. 3113.215(B)(4) also provides that the ten percent test "shall be considered" as a substantial change of circumstance.
Upon a review of the record in this case and the case law cited, this court finds that the trial court's decision not to reallocate the tax exemptions was not unreasonable, arbitrary or unconscionable.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ______________________ HANDWORK, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES CONCUR.
[1] Singer v. Dickinson (1992), 63 Ohio St.3d 408.
[2] Hoban v. Hoban (1990), 64 Ohio App.3d 257, 261.