OPINION
Defendant-appellant Thomas Reichman [hereinafter appellant] appeals the February 16, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas which awarded the federal and state tax deductions and exemptions for his four minor children [hereinafter tax exemptions] to the children's mother, plaintiff-appellee Kelli Reichman [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE
The parties were divorced on September 29, 1997. Four children had been born of the marriage. The Judgment Entry of Divorce, which incorporated a Separation Agreement, called for shared parenting. The children were to physically reside with appellee except for the time periods established for visitation with appellant. Appellee's home was designated as the home of the children for school purposes. Two of the tax exemptions for the four minor children were granted to each of the parents.[1] Appellant was ordered to pay child support.
In February, 2000, appellant requested that the Child Support Enforcement Agency [hereinafter CSEA] review the amount of child support he was paying. After administrative hearings, the CSEA filed a Hearing Officer's Report, dated June 8, 2000. The CSEA recommended that child support be reduced. CSEA further recommended that no change be made to the prior allocation of the tax exemptions. This recommendation was based on a finding that both parties were in the 28% income tax bracket. Both parties objected to CSEA's recommendations.
On June 28, 2000, CSEA, acting for appellee, filed "Plaintiff's [Appellee] Objections to Administrative Recommendations" in the trial court. The Objections asked the trial court to determine, pursuant to R.C. 3113.21(C)(1)(c), whether the recommended child support payment was appropriate.
On July 13, 2000, appellee motioned the trial court to reallocate the tax exemptions for the children.[2] Appellee argued that there had been a change of circumstances and that she should have all four tax exemptions, pursuant to Singer v. Dickenson (1992), 63 Ohio St.3d 408. In her Pretrial Memorandum, filed July 25, 2000, appellee further argued that the tax exemption could only be awarded to appellant, the non-custodial parent, if it was in the best interest of the children to do so. Appellee argued that since both parties were in the same tax bracket, there was no financial gain. Therefore, appellant contended that it was not in the best interests of the children to award the tax exemptions to appellant.
A hearing on the Administrative Recommendations was held before a Magistrate on August 8, 2000. The hearing was continued and completed on November 16, 2000. Both parties filed Hearing Briefs on the issues.
On December 4, 2000, the Magistrate issued a decision. The Magistrate found that appellee had failed to show a change of circumstances had occurred. Therefore, the Magistrate recommended that the tax exemptions remain as they were allocated by the Separation Agreement and corresponding Decree of Divorce, i.e. two of the tax exemptions to each party.
On December 18, 2000, appellee filed Objections to the Magistrate's Decision. Appellee argued that the Decision was contrary to the law ofSinger and that the Magistrate's findings were inadequate. On February 2, 2001, appellee filed a brief on her Objections. Appellant did not respond to appellee's Objections. No transcript of the proceedings before the Magistrate was filed with the trial court.
A hearing on appellee's Objections was held on February 5, 2001. On February 16, 2001, the trial court issued its Judgment Entry. The trial court held that it could revisit the issue of the tax exemptions when the issue of child support was revisited. The trial court implicitly held that there need be no showing of a change of circumstances before a trial court could revisit or modify the allocation of the tax exemptions. Upon independent analysis and review the trial court found that the Objections were meritorious as they related to the tax exemption issue. The trial court further found that appellant had not presented sufficient evidence to overcome the requirement that the allocation be awarded to the custodial parent unless it could be demonstrated that it is in the children's best interest to award the tax exemptions to the non-custodial parent. Thus, the trial court awarded all of the tax exemptions to appellee, as the custodial parent, finding that such an allocation was in the best interest of the children.
It is from the February 16, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 I. THE TRIAL JUDGE ABUSED HIS DISCRETION IN MODIFYING THE MAGISTRATE'S FINDING OF FACT CONCERNING TAX EXEMPTIONS WHERE THE TRIAL COURT DID NOT INDEPENDENTLY EXAMINE A TRANSCRIPT OF THE EVIDENCE, SAID TRANSCRIPT NOT BEING BEFORE THE TRIAL COURT, NOR REQUESTED BY THE OBJECTING PARTY, APPELLEE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CHANGED AND MODIFIED THE U.S. AND STATE INCOME TAX EXEMPTIONS FROM APPELLANT TO APPELLEE IGNORING THE AGREEMENTS OF THE PARTIES AND REQUIRED LEGAL FACTORS.
 I II
In the first assignment of error, appellant contends that, in ruling on appellee's Objections to the Magistrate's Decision, the trial court abused its discretion when it modified the Magistrate's Findings of Fact concerning the tax exemptions when it had no transcript of the hearing before the Magistrate. In the second assignment of error, appellant argues that the trial court abused its discretion when it changed the award of the tax exemptions from appellant to appellee. The first and second assignments of error will be considered jointly.
When ruling upon a party's objections, the trial court may "adopt, reject or modify the magistrate's decision . . ." Civ. R. 53(E)(4)(b), in relevant part. The decision to adopt, reject or modify a magistrate's decision will not be reversed on appeal unless the decision was an abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414, 419. An abuse of discretion is defined as "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
First we note that appellee, who objected to the Magistrate's Decision, did not provide a transcript of the proceedings to the trial court for its review. "Any objection to a finding of fact shall be supported by a transcript of all evidence submitted to the Magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ. R. 53(E)(3)(b), in relevant part. This court has repeatedly held that where an objecting party fails to provide a transcript of the hearing before a Magistrate for the trial court's review, the Magistrate's Findings of Fact are considered established.Morris v. Morris (Oct. 16, 2000), Stark App. No. 1999CA00405, unreported. Therefore, absent a transcript or appropriate affidavit as provided in the rule, a trial court is to examine the referee's conclusions of law and recommendations, in light of the accompanying findings of fact, unless the trial court elects to hold further hearings. Wade v. Wade (1996), 113 Ohio App.3d 414, 418.
Appellant argues that the trial court abused its discretion when, in considering appellee's Objections, it addressed factual issues despite the lack of a transcript and changed the award of the tax exemptions from appellant to appellee. We agree.
The trial court's Judgment Entry states that the "Magistrate'sDecision filed 12/4/2000 should be adopted with modifications as theFindings of Fact and Conclusions of Law of the Court." (Emphasis original). The trial court does not specifically state what modifications it was making to the Magistrate's Findings of Fact. However, in as much as the trial court stated that it modified the factual findings of the Magistrate, without a transcript of the proceedings before the Magistrate, the trial court abused its discretion.
However, our analysis cannot end here. The trial court proceeded to reject the Magistrate's recommendations as to the allocation of the tax exemptions and awarded all four tax exemptions to appellee. Appellant argues that because the trial court was not provided a transcript of the proceedings before the Magistrate, the trial court's decision to modify the allocation of tax exemptions was an abuse of discretion. Appellant concludes that the trial court should have adopted the Magistrate's Decision, leaving the allocation of tax exemptions as originally allocated. We agree in part.
Ohio law provides the manner in which a state court may allocate a tax exemption. A trial court may reconsider the issue of which parent may claim a child as a dependent for income tax purposes whenever that court modifies, reviews, or otherwise reconsiders a child support order. R.C.3113.21(C)(1)(e). The trial court must find that "the interest of the child has been furthered" before it can allocate the tax exemption to the noncustodial parent. Bobo v. Jewell (1988), 38 Ohio St.3d 330, 332. The best interest of the child is furthered when the allocation of the tax exemption to the noncustodial parent produces a net tax savings for the parents. Singer v. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus. Such net tax savings for the parents can only occur when the noncustodial parent's taxable income falls into a higher tax bracket. Id. at 415. See Bobo, 38 Ohio St.3d at 333. When determining the net tax savings to the parties, a trial "court should review all pertinent factors, including the parents' gross incomes, the tax exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Singer,63 Ohio St.3d at 416. (Such a review is sometimes referred to as a "Singer
analysis.")
Both parties agree that the Ohio Supreme Court case of Singer v.Dickinson (1992), 63 Ohio St.3d 408, is controlling. Appellant contends the trial court abused its discretion when it failed to comply withSinger. Appellant argues that the trial court failed to review all pertinent factors, including the parents' gross income, the tax exemptions and deductions to which the parents are otherwise entitled and the relevant federal, state and local income tax rates before it allocated the tax exemptions. We agree.
A review of the trial court's Judgment Entry, in light of the Magistrate's Decision, demonstrates that the trial court implicitly found that the Magistrate improperly applied the law of Singer when it required the appellee/movant to demonstrate a sufficient change of circumstances before it would engage in a Singer analysis. The trial court held that the issue of tax exemptions could be revisited anytime that the child support was revisited. The trial court implicitly held that when the issue was revisited, the trial court was required to apply the law and analysis of Singer anew.
We agree with the trial court that the issue may be revisited anytime the child support order is modified. Revised Code 3113.21(C)(1)(e) states the following, in relevant part:
 Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes . . . and shall issue its determination on this issue as part of the child support order. . . .
We further agree with the trial court that the moving party need not make a showing of a change of circumstances, despite the parties' prior agreement, before a trial court may review or modify the allocation of the tax exemptions, pursuant to Singer. Revised Code 3113.21(C)(1)(e) grants the authority to the trial court to reconsider the allocation even if it is merely reconsidering a child support order. It does not limit the trial court's ability to reconsider or modify the allocation to situations in which the court finds a change of circumstance.
This reasoning is supported by Singer, 63 Ohio St.3d 408. In Singer, the parties had previously entered an Agreed Judgment Entry that allocated the tax exemption. The Singer court announced the factors to be considered in allocating the tax exemption without consideration or requirement that a change of circumstances must be found prior to the reallocation of the tax exemption. Id.; In accord, Hutchinson v.Hutchinson (1993), 85 Ohio App.3d 173 (Fourth District); But see, Hobanv. Hoban (1990), 64 Ohio App.3d 257, 261 (Ninth District). The Singer
court remanded the case to the trial court to determine whether the evidence supported an award to the non-custodial parent upon application of the announced factors to the evidence.
While not applicable to the case sub judice, we find our analysis to also be in line with the legislative guidance provided by the newly enacted R.C. 3119.82:
 Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes. . . . If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children. . . . In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children. . . .
R.C. 3119.82 (eff. 3-22-01).
Revised Code 3119.82 directs a court to designate which parent shall receive the tax exemption(s) everytime it modifies, reviews or otherwise reconsiders a court child support order. The decision whether to consider or allocate the tax exemption(s) is no longer at the trial court's discretion. The trial court, if the parties do not agree as to whom should be awarded the tax exemption(s), may permit the non-custodial parent to claim the tax exemption(s) only if the court determines that it is in the best interest of the child(ren). Our review of this statute shows that the statute does not require a change of circumstances and that the determination of the best interests of the child(ren) is not to be limited by a prior agreement or previous allocation. Pursuant to R.C.3119.82, if the parties do not then agree as to whom should receive the tax exemption(s), a court is directed to make a "new" determination of what is in the best interests of the children.
The last issue this court must address is whether the trial court abused its discretion in actually reallocating the tax exemptions. We find the trial court did abuse its discretion. Once the trial court decided that the Magistrate failed to properly apply Singer to the matter, it should have held a new hearing, or recommitted the matter to the Magistrate with instructions to either: (1) decide the matter based upon the trial court's statement of the law, or, (2) if the Magistrate deemed necessary, take additional evidence.
The trial court, since it had no transcripts, could only rely upon the facts as stated in the Magistrate's Decision as a basis to reallocate the tax exemptions. The Magistrate erroneously required appellee to show a change of circumstances before engaging in a Singer analysis. When the Magistrate found that appellee failed to meet her burden to show that circumstances had changed sufficiently since the parties entered into the separation agreement, the Magistrate had no need to provide any factual findings that would have been relevant to a Singer analysis. Therefore, the facts needed by the trial court to make a Singer analysis were not provided to the trial court in the Magistrate's Decision, even if presented to the Magistrate. The Magistrate would have had no need to address such information.
However, pursuant to our analysis, we find appellant's contention that the trial court should have adopted the Magistrate's Decision, leaving the allocation of tax exemptions split between the parties, without further hearing or consideration of the matter, meritless. While we recognize that appellee failed to provide a transcript of the proceedings before the Magistrate, and therefore could not contest factual matters in and of themselves, appellee was permitted to contest legal issues, such as the proper application of Singer to the matter. Once an error of law was found, the trial court should have either heard the matter or, as stated previously, recommitted the matter to the Magistrate with instructions.
Appellant's first assignment of error is sustained. Appellant's second assignment of error is sustained, in part, and overruled, in part.
We affirm the decision to use the Singer analysis as the appropriate legal standard, but reverse and remand for further proceedings the decision that the appellee be awarded the tax exemptions. The trial court is instructed to either hear the matter itself or recommit the matter to the Magistrate with instructions to either provide new findings of fact and new recommendations to the trial court upon application of Singer, as discussed above, or, if deemed necessary by the Magistrate, hear additional evidence.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is reversed, in part, and affirmed, in part. The matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs to appellee.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Wise, J. concurs.
[1] The Separation Agreement stated: "Husband shall be entitled to claim Leah and Jenna as his dependents for all federal, state and local tax purposes for tax year 1997 and thereafter provided that he remains current with his child support obligation during the calendar year. Wife shall be entitled to claim Anna and Sarah as her dependents for tax purposes. This provision may be modifiable by a court of competent jurisdiction upon a showing of change of circumstances."
In the September 29, 1997, Judgment Entry/Decree of Divorce, the trial court held the following: "The Court has reviewed said Separation Agreement and finds that it is fair and equitable and in the best interests of the children of the parties, and hereby approves the same."
[2] Appellant's appeal is limited to issues concerning the allocation of tax exemptions. The amount of child support to be paid is not at issue and will not be addressed herein.