[Cite as *Knott v. Knott*, 2018-Ohio-4198.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

WILLIAM KNOTT                      C.A. No.      28895

     Appellee

     v.                                    APPEAL FROM JUDGMENT
                                            ENTERED IN THE
ARIELLE KNOTT                      COURT OF COMMON PLEAS
                                            COUNTY OF SUMMIT, OHIO
     Appellant                      CASE No.      DR-2015-04-1211

DECISION AND JOURNAL ENTRY

Dated: October 17, 2018

---

TEODOSIO, Judge.

{¶1} Arielle Knott appeals the judgment of the Summit County Court of Common Pleas Domestic Relations Division overruling her objections to the August 2, 2017, magistrate's decision and finding her in contempt. We affirm in part, and reverse and remand in part.

I.

{¶2} William Knott filed a complaint for divorce against Arielle Knott in April 2015, with a divorce decree having been entered in December 2015. Ms. Knott was designated as the residential parent and legal custodian of the parties' two minor children. Also pursuant to the divorce decree, Mr. Knott was entitled to claim the two children as dependents for the 2015 tax year, and beginning in the 2016 tax year, each parent was to claim one of the children as a dependent for tax purposes.

{¶3} In 2015, Ms. Knott and her children moved in with her grandfather, who provided for their support while Ms. Knott was unemployed. The grandfather claimed both children as

dependents for the 2015 tax year. Mr. Knott also claimed both children as dependents for his 2015 taxes. The Internal Revenue Service ("IRS") requested proof of support from each of the parties. After providing proof of support, the grandfather was given the tax exemption for both children and Mr. Knott was assessed a penalty by the IRS. Subsequently, for the 2016 tax year, Mr. Knott again claimed both children as dependents for tax purposes.

{¶4} In 2017, Mr. Knott filed a contempt motion alleging Ms. Knott had failed to comply with the trial court's order with regard to the 2015 tax exemptions and Ms. Knott filed a contempt motion with regard to the 2016 tax exemptions taken by Mr. Knott. Hearings before the magistrate were conducted and on August 2, 2017, the magistrate issued a decision finding Ms. Knott in contempt and Mr. Knott not in contempt. On November 17, 2017, the trial court overruled objections filed by Ms. Knott and issued an order: (1) finding Ms. Knott in contempt; (2) reallocating the tax exemptions for 2016 to Mr. Knott; (3) ordering that Mr. Knott claim both tax exemptions in future years as compensation for penalties assessed to him by the IRS; (4) finding Mr. Knott not in contempt; and (5) stating that Ms. Knott was not permitted to claim the children as tax dependents or allow her [grand]father or any other person to claim them for tax exemptions.

{¶5} Ms. Knott now appeals, raising five assignments of error. Mr. Knott has not filed an appellate brief in this matter and thus, this Court may, "in determining the appeal, * * * accept [Ms. Knott's] statement of the facts and issues as correct and reverse the judgment if [Ms. Knott's] brief reasonably appears to sustain such action." *Phillips v. Robinson*, 9th Dist. Medina No. 12CA0038-M, 2012-Ohio-6108, ¶ 6, quoting App.R. 18(C).

## II.

{¶6} We note that Ms. Knott's statement of the assignments of error on page one of her brief to this Court do not reflect the headings and divisions contained within the body of the brief. For the purposes of our review, we will use the headings as they appear in the body of the brief as they more accurately reflect the arguments contained therein.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT'S FINDING THAT "CONTRARY TO THE DIVORCE DECREE MOTHER TOOK BOTH EXEMPTIONS IN 2015 BY ALLOWING HER FATHER [SIC] TO CLAIM BOTH CHILDREN AS DEPENDENTS ON HIS TAX RETURN" IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

{¶8} "This Court reviews contempt proceedings for an abuse of discretion." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} "To establish contempt, the moving party must 'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th

Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. Civil contempt requires proof by clear and convincing evidence. *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more certain than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶10} In holding Ms. Knott in contempt, the trial court stated that "[c]ontrary to the Divorce Decree, Mother took both exemptions in 2015 by allowing her [grand]father to claim both children as dependents on his tax return." It is not in dispute that Ms. Knott's grandfather claimed the children as dependents on his tax return for 2015.

{¶11} The transcript of the hearing held on June 22, 2018, presents the following exchange between the magistrate and counsel for Ms. Knott:

> THE COURT: The only issue before me is whether or not she was permitted to allow her grandfather.
>
> MR. UFHOLZ: She did not allow her grandfather. She had nothing to do with him filing.
>
> THE COURT: How did the grandfather get access to the Social Security numbers?
>
> MR. UFHOLZ: He may have had Social Security numbers for her and the grandchildren, but she didn't authorize him to file a return. She didn't join in a return. She had nothing to do with that.
>
> * * *
>
> MRS. KNOTT: My grandfather has had my kids' Social Securities because William used to take them and he would –

**{¶12}** At the July 31, 2017, hearing, the magistrate again inquired as to how the grandfather was able to get the children's social security numbers. In response, counsel for Ms. Knott responded: "He had filed in previous years. This was not the first year that he had taken she and the children as dependents * * * so he already had all of that information."

**{¶13}** These exchanges, although not witness testimony, were the only discussions relating to Ms. Knott's knowledge of, or acquiescence to, her grandfather having claimed the children as dependents. No evidence or testimony was presented to support the notion that Ms. Knott "allowed" her grandfather to claim the children as dependents. We conclude that the mere fact that Ms. Knott's grandfather did so does not constitute the clear and convincing evidence required to support a finding of contempt on the basis that Ms. Knott allowed him to claim her children as dependents. The trial court thereby abused its discretion in finding Ms. Knott in contempt.

**{¶14}** Ms. Knott's first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT'S FINDING THAT "CONTRARY TO THE DIVORCE DECREE MOTHER TOOK BOTH EXEMPTIONS IN 2015 BY ALLOWING HER FATHER [SIC] TO CLAIM BOTH CHILDREN AS DEPENDENTS ON THIS TAX RETURN" IS CONTRARY TO THE LAW.

**{¶15}** In her second assignment of error, Ms. Knott argues the trial court's finding that she allowed her grandfather to claim both children as dependents was contrary to law. We do not reach the merits of this argument because our resolution of the first assignment of error has rendered this assignment moot. Accordingly, we decline to address it. *See* App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT'S REALLOCATION OF BOTH CHILD TAX EXEMPTIONS TO FATHER WAS AN ABUSE OF DISCRETION.

{¶16} In her third assignment of error, Ms. Knott argues the trial court erred in reallocating the child tax exemptions for both children to Mr. Knott. We agree.

{¶17} The trial court's order overruling objections to the magistrate's decision found Ms. Knott in contempt, retroactively reallocated both child tax exemptions to Mr. Knott for the 2016 tax year, reallocated both child tax exemptions to Mr. Knott for subsequent years, and found that Mr. Knott was not in contempt. The trial court further stated: "Henceforth, [Mr. Knott] shall claim both children each year as tax exemptions on his tax return to compensate the penalty assessed to him by the IRS."

{¶18} The reallocation of the child tax exemptions is a modification of the income tax dependency exemptions. "[T]he trial court may modify the dependency exemption, just as any other portion of a support order, only after finding a substantial change in circumstances." *Hoban v. Hoban*, 64 Ohio App.3d 257, 261 (9th Dist.1990). "The determination of the tax exemption is directly related to the support of the child; therefore, the trial court's decision must be in the best interest of the child in order to be upheld." *Bender v. Bender*, 9th Dist. Summit No. 20157, 2001 Ohio App. LEXIS 3212, *19 (July 18, 2001). "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶19} In the case before us for review, the trial court made no findings of a substantial change in circumstances. Likewise, there is no indication the trial court contemplated the best interest of the children. We therefore conclude the trial court abused its discretion in reallocating

the child tax exemptions for both children to Mr. Knott for the 2016 tax year and for the subsequent years.

**{¶20}** Ms. Knott's third assignment of error is sustained.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT'S FINDING THAT FATHER WAS NOT IN CONTEMPT FOR CLAIMING BOTH CHILDREN AS DEPENDENTS ON HIS 2016 TAX RETURN IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶21}** In her fourth assignment of error, Ms. Knott argues the trial court erred in finding that Mr. Knott was not in contempt for claiming both children as dependents on his 2016 tax return. We disagree.

**{¶22}** "This Court reviews contempt proceedings for an abuse of discretion." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶23}** Pursuant to the divorce decree, Mr. Knott was entitled to claim both children as dependents for the 2015 tax year, and beginning with the 2016 tax year, Mr. Knott and Ms. Knott would each claim one of the children as a dependent for tax purposes. As we have noted, the trial court's order overruling objections to the magistrate's decision found Ms. Knott in contempt, retroactively reallocated both child tax exemptions to Mr. Knott for the 2016 tax year, reallocated both child tax exemptions to Mr. Knott for subsequent years, and found that Mr. Knott was not in contempt. Neither the magistrate's decision nor the trial court's order

overruling objections provided any basis or analysis for concluding that Mr. Knott was not in contempt.

{¶24} The refusal to punish disobedience of the court's order, given the context of the trial court's rulings, namely the retroactive reallocation of the child tax exemption, appears to be an attempt to remedy the fact that Mr. Knott was unable to claim both children as dependents for the 2015 tax year. As such, we cannot say the trial court was unreasonable, arbitrary, or unconscionable in its ruling. "This Court has held that, '[if] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court * * *.'" *Akin v. Akin*, 9th Dist. Summit Nos. 25524 and 25543, 2011-Ohio-2765, ¶ 44, quoting *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 Ohio App. LEXIS 59, *4 (Jan. 10, 1990). We conclude the trial court did not abuse its discretion in refusing to hold Mr. Knott in contempt.

{¶25} Ms. Knott's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT, IN RULING ON MOTHER'S OBJECTIONS, FAILED TO UNDERTAKE AN INDEPENDENT REVIEW TO ASCERTAIN THAT THE MAGISTRATE PROPERLY DETERMINED FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

{¶26} In her fifth assignment of error, Ms. Knott argues the trial court erred because it failed to undertake an independent review of the magistrate's decision. We disagree.

{¶27} "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court

applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶28}** Civ.R. 53(D)(4)(d) provides: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14.

**{¶29}** "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). "Appellate courts thus presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *." *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 27. "Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 53. "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 21.

**{¶30}** "[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent review of the objected matters as required by Civ.R. 53(D)(4)(d)." *In re G.C.*, 12th Dist. Butler Nos. CA2016-12-237, CA2016-12-238, CA2016-12-239, and CA2016-12-240, 2017-Ohio-4226, ¶ 18. "While citing

such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so." *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17. Likewise, we cannot conclude that the trial court did not conduct an independent review simply because it did not discuss every conceivable characterization of the evidence. *See Brandon v. Brandon*, 3d Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 35.

**{¶31}** Ms. Knott contends that the trial court's finding that she "took both exemptions in 2015 by allowing her [grand]father to claim both children as dependents on his tax return" supports her theory that the trial court failed to engage in an independent analysis because the finding of fact is unsupported by the evidence. In our analysis of Ms. Knott's first assignment of error, we concluded there was no evidence or testimony presented to support the notion that Ms. Knott "allowed" her grandfather to claim the children as dependents. We do not conclude, however, that the trial court's characterization of Ms. Knott's role in these events overcomes the presumption of regularity or leads to the conclusion that the trial court failed to engage in an independent analysis.

**{¶32}** Because Ms. Knott has not affirmatively demonstrated the trial court's failure to perform its duty of independent analysis, her fifth assignment of error is overruled.

III.

**{¶33}** Ms. Knott's first and third assignments of error are sustained. Her fourth and fifth assignments of error are overruled. We decline to address the second assignment of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed and remanded in part.

Judgment affirmed in part,
and judgment reversed
and remanded in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

L. TERRENCE UFHOLZ, Attorney at Law, for Appellant.

WILLIAM KNOTT, pro se, Appellee.