HOPTON, Appellee,

v.

PRESTON, Appellant.

[Cite as *Hopton v. Preston* (1998), 128 Ohio App.3d 571.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 97CA0048.

Decided June 24, 1998.

572

*Christopher A. Schmitt*, for appellee.

*Mark W. Altier*, for appellant.

DICKINSON, Judge.

Defendant Timothy Preston has appealed from an order of the Wayne County Common Pleas Court that denied his postdivorce motion to award him the right to claim his three minor children as dependents for income tax purposes. He has argued that the trial court incorrectly required that he demonstrate a change of circumstances. This court affirms the trial court's judgment because Mr. Preston's motion was correctly construed as a request to modify the court's prior order, which required him to demonstrate a change of circumstances.

## I

Timothy and Sandra Preston were married on October 28, 1978. The couple had three children during the next five years. On June 23, 1995, Mrs. Preston filed a complaint for divorce. The parties submitted a separation agreement, which was incorporated into the divorce decree on April 4, 1996. The separation agreement provided that Mrs. Preston would be the residential parent of all three children and that Mr. Preston would pay child support. The agreement did not mention the right to claim the couple's three minor children as dependents for income tax purposes.

On March 3, 1997, Mr. Preston moved the trial court to "order," "clarify," or "modify" its prior order to include a provision that he be entitled to claim the three minor children as dependents for income tax purposes. Mrs. Preston also moved the trial court to increase the amount of child support. Following a hearing before a magistrate, both motions were denied. The magistrate explained that he denied Mr. Preston's motion because he failed to demonstrate either a change of circumstances or that it was in the best interest of the children to award him the exemption. The trial court adopted the magistrate's decision. Mr. Preston filed objections to the magistrate's report, which were overruled by the trial court. He timely appealed to this court.

## II

Mr. Preston argues that the trial court incorrectly required that he demonstrate a change of circumstances, because he did not request a modification of the court's prior order. Instead, according to him, he asked the court to rule on an issue it had not addressed in the divorce judgment. The record reflects that Mr. Preston did request modification, however, when he moved the trial court to grant him relief in one of three alternative forms: a new order, a clarification of the divorce judgment, or a modification of the divorce judgment.

Generally, under the Internal Revenue Code, the residential parent receives the tax dependency exemption. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 411, 588 N.E.2d 806, 809. The nonresidential parent may receive the exemption if (1) the residential parent agrees or (2) a state court awards the exemption to the nonresidential parent. *Will v. Will* (1996), 113 Ohio App.3d 8, 10–11, 680 N.E.2d 197, 198–199. Trial courts have the authority to award the exemption to the nonresidential parent if doing so will further the interest of the child. *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 182–183. Absent an award, the dependency exemption remains with the residential parent. *Goode v. Goode* (1991), 70 Ohio App.3d 125, 133, 590 N.E.2d 439, 443–444. Because the Preston's divorce decree failed to award the dependency exemption to Mr. Preston, it remained with Mrs. Preston as the residential parent.

Mr. Preston has argued that the issue should have been explicitly addressed by the trial court at the time of the divorce. There is nothing in the record, however, to suggest that this issue was ever raised prior to the final judgment of divorce. Mr. Preston did not appeal the divorce judgment, nor did he seek relief from judgment on any of the grounds set forth in Civ.R. 60(B). Instead, eleven months after the trial court incorporated the couple's separation agreement into its final divorce decree, he moved the trial court, without any supporting argument, to "order," "clarify," or "modify" its prior order that failed to allocate the dependency exemption to him. Mr. Preston has failed to demonstrate that the trial court incorrectly construed his motion as one to modify the prior judgment of divorce.

The trial court retains jurisdiction to modify the allocation of the income tax dependency exemption. R.C. 3113.21(C)(1)(f) provides that a trial court may "reconsider which parent may claim the children * * * as dependents for federal income tax purposes" whenever it modifies, reviews, or reconsiders a child support order. This court has held that, as in the case of a child support award, the trial court cannot modify the award of the dependency exemption unless the moving party demonstrates a change of circumstances. *Hoban v. Hoban* (1990), 64 Ohio App.3d 257, 260, 580 N.E.2d 1175, 1176–1177. Mr. Preston has failed to demonstrate, therefore, that the trial court erred by requiring that he demonstrate a change of circumstances.

Even if this court were to conclude that the trial court incorrectly applied the change-of-circumstances standard to this situation, Mr. Preston still would not have demonstrated reversible error. The trial court also denied Mr. Preston's request because it determined that he had failed to demonstrate that awarding the dependency exemptions to him would be in the best interests of the children. He has failed to even argue that this conclusion was incorrect.

Moreover, because he did not object to this finding in the trial court, any challenge to it on appeal would have been futile. See Civ.R. 53(E)(3)(b). Mr. Preston's assignment of error is overruled.

## III

Mr. Preston's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REESE, J., concur.