DECISION AND JUDGMENT ENTRY
{¶ 1} Marilyn Bobo appeals the Athens County Municipal Court's decision ordering her to indemnify Charles Altier for the reasonable and necessary expenses he incurred after Fritz Forsthoefel sued Altier for cutting down a tree at Bobo's direction. On appeal, Bobo assigns five errors. However, we do not address her assignments of error because we find that the judgment that she appealed is not a final appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.
 I. {¶ 2} Forsthoefel and Bobo own the neighboring properties at 245 and 247 East State Street in Athens, Ohio. A narrow lawn lined by pine trees sits on the boundary of their properties. One of these trees separated just above its base into two large trunks, each extending approximately forty feet high. In early June of 2002, a storm caused one of the trunks to fall onto Bobo's rental unit at 247 East State Street.
 {¶ 3} Bobo contacted Altier, who owned and operated a tree and landscaping business in the area. Altier met with Bobo at the residence. He informed Bobo that he either could remove only the portion of the tree that fell, or he could remove the entire tree. Altier offered his opinion that if he left half the tree standing, it would rot within a year and cause further risk to her property. Bobo instructed Altier to remove the tree.
 {¶ 4} Altier informed Bobo that he charged ninety-six dollars per hour, and that he predicted the job would take two hours, or one hundred ninety-two dollars. Altier prepared a work order, and wrote "Remove pine right side of drive" on the work order form. Bobo signed the work order next to the words "Ordered By."
 {¶ 5} Altier and three of his workers arrived with their equipment the next afternoon and removed the entire tree. Neither Bobo nor Forsthoefel was present at the time. Shortly thereafter, Altier sent an invoice to Bobo reflecting a total balance of two hundred four dollars, broken down into a charge for one hundred ninety-two dollars, plus twelve dollars tax. Bobo paid the bill in its entirety.
 {¶ 6} Forsthoefel became upset over the removal of the entire tree. He contacted the police department and accused Bobo and Altier of criminal misconduct. Athens Police Lieutenant Dave Williams investigated the matter, and interviewed both Bobo and Altier. Lt. Williams noted in his report that Bobo signed the work order for removal of the tree even though she knew that the tree was on Forsthoefel's property. He also noted that Altier presumed that Bobo was the owner of the property, because she did not say anything that would make him think otherwise. Lt. Williams sketched the area where the tree stump sat. He did not include any type of boundary, such as a chain fence, in his drawing. Lt. Williams ultimately concluded that Forsthoefel should present his claim in a civil proceeding, rather than in a criminal one, and declined to pursue criminal charges against Bobo or Altier.
 {¶ 7} Forsthoefel filed small claim actions against Bobo and Altier. They each removed their case from the Small Claims Division of the Athens Municipal Court to the Civil Division, and the court joined the cases. Altier also filed an answer and third party complaint, naming Bobo as the third party defendant. After the court scheduled the case for a hearing, court documents refer to Forsthoefel as filing a voluntary dismissal of his claims against Bobo and Altier. However, a careful review of the record shows that Forsthoefel never filed this alleged document dismissing the claims because the document is not in the record and the Civil Docket Sheet from the Clerk of Courts Office does not show that Forsthoefel ever filed it.
 {¶ 8} Altier filed a motion for summary judgment against Bobo, and Bobo filed a memorandum contra. Based on Forsthoefel's alleged dismissal, the trial court held an evidentiary hearing on the remaining third party complaint involving the issue of Bobo's duty to indemnify Altier. Expert witness Frederick Oremus testified to the reasonableness of Altier's attorney fees. Additionally, Altier and Bobo testified regarding the events leading up to and including the removal of the tree.
 {¶ 9} The trial court issued a written decision in which it found that the tree, when standing, was located entirely on Forsthoefel's property. Additionally, the trial court found that Bobo and Forsthoefel discussed the removal of the tree, and Bobo was aware of Forsthoefel's opinion that it was not necessary to remove the entire tree. The court further found that Bobo contacted Altier, that Altier offered his opinion that the remainder of the tree would rot and pose a danger to her property if he did not remove the entire tree, and that Bobo relied upon his opinion and told him to cut the tree. Finally, while noting that the parties disputed Altier's knowledge, the court weighed the evidence and found that Altier did not know that the tree was actually located on Forsthoefel's property when he removed it.
 {¶ 10} The trial court concluded that Altier was an independent contractor, but that removal of the entire tree was the contracted result, and that such an arrangement creates an agency relationship. The court further concluded, based upon that relationship, that Bobo was required to indemnify Altier. Finally, the court concluded that Altier's counsel was worth the one hundred fifty dollars per hour billed, but that the twenty-two point two hours billed was not necessary and reasonable given that Forsthoefel's original claim against Altier exposed him to only $3,000 in liability. The court awarded judgment to Altier for seven hours of attorney fees plus costs.
 {¶ 11} Bobo appeals, asserting the following assignments of error: "I. The trial court erroneously determined the relationship between Appellant and Appellee to be that of principal and agent. II. The trial court erroneously determined that Appellant owed a duty of indemnification to Appellee, based upon the agency relationship. III. The trial court erroneously determined that Appellant owed attorney fees to Appellee. IV. The trial court erroneously found that Appellant owed a duty of indemnification to Appellee after finding that Plaintiff's criminal complaint was frivolous and his civil complaints questionable, thereby determining en passant that Appellant's actions were not negligent or a breach of her contract with Appellee. V. The trial court erroneously found that it was improbable that Appellee cut the neighbor's tree without knowing whether (sic) it was within with (sic) no evidence to support that finding."
 II. {¶ 12} Initially, we address the threshold issue of whether the judgment entry appealed is a final appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, 3(B)(2), Article IV, Ohio Constitution; R.C.2505.02. A final order is defined, inter alia, as an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1).
 {¶ 13} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989),44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 14} When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra, at 96;Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, syllabus.
 {¶ 15} Civ.R. 41(A) provides in part, "Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.] * * * Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Courts interpret Civ.R. 41(A)(1) to require a plaintiff to file his notice of dismissal in writing. See, e.g., Lilly v. Lilly (1985),26 Ohio App.3d 192; Brown v. Johnson (June 26, 1980), Franklin App. No. 80AP-167. See, generally, McCormac Solimine, Ohio Civil Rules Practice (3d Ed. 2003) 331-332, Section 13.03.
 {¶ 16} Here, the judgment entry appealed only involves claims in the third party complaint. It fails to dispose of plaintiff Forsthoefel's claims against Bobo and Altier. His claims against them remain pending because he did not file a written notice of dismissal as required by Civ.R. 41(A)(1). Because the trial court's entry fails to dispose of these claims, we conclude that the judgment entry appealed from is not a final appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED for lack of jurisdiction and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.