[Cite as *Deitz v. Deitz*, 2012-Ohio-130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

PAUL DEITZ,

     PLAINTIFF-APPELLANT,          CASE NO. 14-11-06

     v.

JULIE DEITZ,               O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Union County Common Pleas Court
Domestic Relations Division
Trial Court No. 2010 DR 0010

**Judgment Affirmed**

Date of Decision:   January 17, 2012

APPEARANCES:

    *Mark M. Feinstein* **for Appellant**

    *Thomas M. Tyack* **for Appellee**

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant, Paul Deitz ("Paul"), appeals the judgment of the Court of Common Pleas of Union County overruling his objections to the magistrate's decision regarding a settlement agreement and allocation of parenting time in his divorce action. Finding that the trial court did not err, we affirm the decision of the trial court.

{¶2} Paul and Defendant-Appellee, Julie Deitz ("Julie"), were married in 2003 and one child was born as issue of the marriage. On January 13, 2010, Paul filed for divorce, requesting inter alia, that he be named residential parent and legal custodian of the parties' minor child. Julie filed an answer and counterclaim for divorce requesting inter alia, that she be designated the residential parent and legal custodian of the minor child.

{¶3} A hearing was scheduled for December 10, 2010, in front of a magistrate of the Union County Court of Common Pleas. The transcript from that date shows that in lieu of a hearing, the parties stated on the record that they had reached a complete agreement as to all issues. The terms were stated on the record and accepted by the parties' sworn testimony. The magistrate directed the plaintiff's attorney to draft the agreed judgment entry of divorce. No motion, agreed judgment entry, or request for a hearing was filed.

**{¶4}** On January 24, 2011, the magistrate filed his decision and recommendations, in which he explained that the parties "reneged on their commitment to submit an Agreed Judgment Entry-Decree of Divorce by bickering over additional terms or conditions not stated on the record." Docket No. 72. The magistrate recommended inter alia, that a divorce be granted on the grounds of incompatibility, that Julie be designated as primary residential parent and legal custodian of the minor child, that the father have parenting time, that the minor child continue to counsel and the father begin to counsel with Jenna Harris, that the parties agree to follow any reasonable recommendation of Jenna Harris, and that the father have his home inspected.

**{¶5}** On February 4, 2011, Paul filed objections to the magistrate's decision, which the trial court overruled on February 28, 2011. The entry of decree of divorce was filed March 21, 2011. Paul timely filed his notice of appeal. It is from this judgment Paul appeals, asserting the following as error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD AN EVIDENTIARY HEARING TO DETERMINE THE EXISTENCE OF A SETTLEMENT AGREEMENT OR ITS TERMS, AS TO THE APPELLANT'S PARENTING TIME WITH HIS SON.**

{¶6} In his sole assignment of error, Paul argues that the trial court abused its discretion by failing to hold an evidentiary hearing regarding the disputed settlement agreement. Paul explains that there was a dispute as to the meaning of the terms of the settlement agreement and that there was a dispute that contested the existence of the settlement agreement, and therefore, the trial court should have held an evidentiary hearing pursuant to *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 683 N.E.2d 337 (1997).

{¶7} As to the dispute, Paul explains that in the settlement agreement the parties had agreed that they would follow any reasonable recommendations of the counselor, particularly with regard to her recommendations regarding the allocation of parenting time. He then asserts this agreement was a mutual mistake of fact as the child's counselor subsequently advised him that she was "unwilling to make any recommendations whatsoever as to parenting time, thereby relegating him to the then-ordered parenting schedule of only a few hours three times weekly." Appellant's brief p. 5. As to the dispute that negated the existence of a settlement agreement, Paul explains that the Appellee made "interlineations" to the draft settlement agreement that were not part of the agreement. *Id.*

{¶8} Initially, we must note that the state of the record prevents us from giving full consideration to Paul's arguments. At issue are two exhibits Paul attached as part of the appendix to his merit brief which allegedly demonstrate the

purported mutual mistake of fact and failed settlement agreement. Exhibit B is a copy of a facsimile sent by Appellant's attorney to the magistrate and Appellee's counsel, reporting that the parties were unwilling to sign the draft agreed judgment entry due to Julie's interlineations and Paul's concern that the counselor is now unwilling to make recommendations regarding parenting time. Exhibit B also includes a copy of this draft settlement agreement with interlineations. Exhibit C is a copy of an e-mail sent by the magistrate to the parties' attorneys in response to the facsimile above. These documents were not made part of either the trial court's record or the appellate record. Evidence not made part of the record that is attached to an appellate brief cannot be considered by a reviewing court. *Shock v. Motorist Ins. Co.*, 3d Dist. No. 16-04-08, 2004-Ohio-6049, ¶ 24, citing *Grove v. Grove*, 3d Dist. No. 13-00-32, 2001-Ohio-2109, citing *State v. Booher*, 54 Ohio App.3d 1, 15, 560 N.E.2d 786 (3d Dist. 1988), *Lamar v. Marbury*, 69 Ohio St.2d 274, 277, 431 N.E.2d 1028 (1982); App.R. 9(A).

{¶9} Accordingly, Paul's arguments will be assessed to the extent that they are supported by the record on appeal.

{¶10} The record reveals that at the December 10, 2010 hearing, the settlement agreement was stated on the record, and both parties testified that what was stated in court accurately represented the agreement, that the agreement

Case No. 14-11-06

resolved all the issues in the case, and that they were requesting the court to adopt

the terms as its orders. Specifically, the parties agreed to the following:

> **The child is currently counseling with Jenna Harris who is an individual with Children's Hospital in Columbus. The parties would also agree that the father would begin meeting with Jenna Harris[, and] that the parties will both follow any reasonable recommendations of modification to the existing parenting time, any reasonable recommendations regarding anger management courses or parenting time.** Hearing Tr., p. 6.

{¶11} In its decision, the magistrate recommended the following with

respect to that issue:

> **c. The child shall continue to counsel with Jenna Harris, and the Father will begin meeting with Jenna Harris. The Parties agree they will follow any reasonable recommendation of Jenna Harris including, but not limited to, recommendations as to the modification of parenting time and/or any additional parenting or anger management classes. (This provision does not require Jenna Harris to make recommendations.)** Docket No. 72.

{¶12} In his objections to the magistrate's decision, Paul argued that the

magistrate committed error by including an additional term contrary to the parties'

intentions, not that the agreement was defective for mutual mistake or that the

interlineations demonstrated the failure to form a settlement agreement. Paul's

contentions on appeal regarding mutual mistake and lack of settlement agreement

are not supported by the record. Rather, the record reveals that the magistrate's

recommendation mirrored the parties' agreement, with the clarification that the

trial court cannot mandate that the counselor make recommendations. Accordingly, we overrule Paul's assignment of error.

**{¶13}** Having found no error prejudicial to the Appellant herein, in the particular assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**