[Cite as *Rhea v. Rhea*, 2017-Ohio-4141.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Damita J. Rhea,                                          :

    Plaintiff-Appellee,                         :

                                                 No. 16AP-609

v.                                                            :        (C.P.C. No. 99DR-11-4751)

Virgil C. Rhea, III,                                    :        (REGULAR CALENDAR)

    Defendant-Appellant.                    :

---

### D E C I S I O N

#### Rendered on June 6, 2017

---

**On brief:** *Robert R. Goldstein*, for appellee. **Argued:** *Robert R. Goldstein.*

**On brief:** *Virgil C. Rhea, III*, pro se. **Argued:** *Virgil C. Rhea, III.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Defendant-appellant, Virgil C. Rhea, III, appeals from the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting a magistrate decision to grant in part a motion for contempt filed by plaintiff-appellee, Damita J. Rhea. For the following reasons, we affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties divorced in January 2001. The judgment entry and decree of divorce ("divorce decree") ordered appellant to pay spousal support to appellee in the amount of $1 per month, effective September 7, 2000, and awarded appellee half of

appellant's civil service retirement account.  The divorce decree required the spousal support withheld from appellant's income and required both parties to "cooperate in preparation and execution of QDRO [qualified domestic relations order] and/or COAP [court order acceptable for processing]" to effectuate the division of the retirement benefits.  (Jgmt. Entry and Decree of Divorce at 8.)

{¶ 3}  In January 2014, appellee filed a COAP in anticipation of appellant's retirement; the signature line for appellant reads "[s]ubmitted but not approved."  (COAP at 4.)  The plan administrator did not accept the COAP.  On approximately April 1, 2014, appellant retired and began to receive monthly payments from his retirement account.  In September 2014, appellee filed an amended COAP with the signature line for appellant again reading "[s]ubmitted but not approved."  (Am. COAP at 5.)  The plan administrator accepted the amended COAP, and appellee began to receive a share of appellant's retirement benefits in January 2015.

{¶ 4}  On May 15, 2015, appellant filed a Civ.R. 60(B) motion for relief from judgment asking for relief from the issued COAP.  In the motion, appellant asserted that he never received the COAP and that the percentage of pension benefits allocated to appellee was incorrect per the language of the divorce decree.  The trial court later denied the motion finding that appellant did receive a copy of the COAP, and the COAP comported with the divorce decree.

{¶ 5}  On June 19, 2015, appellee filed a motion for contempt and attorney fees.  In the motion, appellee alleged that appellant violated the divorce decree in making no payments on his spousal support obligation and in not providing appellee with her full share of the retirement account.  Before a hearing on the matter, the parties stipulated that appellant received $15,120 in retirement benefits for the time period between when he retired and when appellee began receiving payments, April 1 to December 1, 2014, and that as of March 2016, he owed spousal support of $171, plus processing charges.

{¶ 6}  At the hearing on March 30, 2016, appellant admitted that he has not paid any spousal support since January 2002 and said his one attempt to pay the support obligation through the clerk was unsuccessful.  Appellant additionally testified that he began to receive retirement benefits in April 2014, discovered that appellee was not getting her share in August of the same year, and did not pay appellee any portion of the

benefits. Appellant presented two defenses: that he believed he had done all that was required of him and that he was unable to pay.

{¶ 7} The magistrate granted appellee's motion, finding appellant in contempt for his failure to pay spousal support and for failing to cooperate in the preparation of a QDRO or COAP by refusing to sign the two COAPs. While noting that the finding of contempt was not based on appellant failing to pay appellee her share of retirement benefits directly, the magistrate indicated that under the divorce degree appellant nonetheless owed appellee for her share of the retirement benefits he retained between the months of April and December 2014. As a result, the magistrate sentenced appellant to a term of incarceration of seven days and permitted appellant to purge himself of contempt and avoid incarceration by paying appellee the past due spousal support ($171), appellee's share of retirement benefits from the period April to December 2014 ($15,120), and attorney fees and expenses ($2,500), payable in monthly payments of no less than $500.

{¶ 8} Appellant did not file objections to the magistrate's decision. The trial court judge, finding no error of law or other defect on the face of the magistrate's decision, adopted the magistrate's decision on August 1, 2016. Appellant filed a timely appeal to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant presents three assignments of error:

> I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION OF CONTEMPT FOR FAILURE TO PAY HIS SPOUSAL SUPPORT IN THAT THE COURTS HELD JURISTION [sic] AND SHOULD HAVE WITHELD [sic] OR DEDUCTED FROM THE INCOME OR ASSETS OF THE DEFENDANT.
>
> II. THE TRIAL COURT ERRED IN GRANTING THE ATTORNEY FEES IN THAT THE PLAINTIFFS ACTIONS WERE IN RETAILIATION [sic] AND NOT BECAUSE OF ACTUAL DAMAGE TO PLAINTIFF.
>
> III. THE TRIAL COURT ERRED IN GRANTING THE MOTION OF CONTEMPT FOR NOT SIGNING TWO COAP'S THAT WERE NOT IN ACCORDANCE WITH OHIO REVISED CODE 3105.171.

## III.  STANDARD OF REVIEW

{¶ 10}  An appellant's failure to object to a magistrate's decision waives all but plain error review on appeal.  *Hamilton v. Hamilton*, 10th Dist. No. 14AP-1061, 2016-Ohio-5900, ¶ 6, citing *Lavelle v. Lavelle*, 10th Dist. No. 12AP-159, 2012-Ohio-6197, ¶ 8, and Civ.R. 53(D)(3)(b).  As provided in *Hamilton*:

> "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." *Uretsky v. Uretsky*, 10th Dist. No. 02AP-1011, 2003-Ohio-1455, ¶ 7, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997 Ohio 401, 679 N.E.2d 1099 (1997), syllabus.  "Indeed, the plain error doctrine implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant." *Skydive Columbus Ohio, LLC v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 18 Ohio B. 281, 480 N.E.2d 802 (1985).  " 'Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.' " *In re C.M.*, 10th Dist. No. 07AP-933, 2008-Ohio-2977, ¶ 50, quoting *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

*Id.* at ¶ 8.

{¶ 11}  Where a party waives all but plain error by failing to object to a magistrate's decision, pursuant to Civ.R. 53(D)(3)(b), and then fails to assert plain error in his or her assignments of error on appeal, an appellate court may, but is not obligated to, address those issues in the interest of justice.  *Id.* at ¶ 9-11, 17, 29, citing App.R. 12(A)(1)(b) and *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5.

## IV.  DISCUSSION

{¶ 12} Initially, we note that appellant has not asserted that the trial court committed plain error in any of his assignments of error.  As such, it is not necessary for us to address appellant's assignments of error.  *Hamilton* at ¶ 9, 17.  In the interest of justice, we nevertheless consider appellant's arguments and find no error that is "clearly apparent on the face of the record and is prejudicial to the appellant." *Skydive Columbus Ohio, LLC v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13.

{¶ 13} Under the first and third assignments of error, appellant contends the trial court erred in granting appellee's motion for contempt. "Contempt of court 'results when a party before a court disregards or disobeys an order or command of judicial authority,' or otherwise acts in a way that 'substantially disrupt[s] the judicial process in a particular case.' " *Cox v. Cox*, 10th Dist. No. 14AP-490, 2015-Ohio-1660, ¶ 20, quoting *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 11. In domestic cases, "[e]stablishing a prior court order and evidence of nonpayment according to its terms makes a prima facie case of civil contempt." *Grosz v. Grosz*, 10th Dist. No. 04AP-716, 2005-Ohio-985, ¶ 18, citing *Rossen v. Rossen*, 2 Ohio App.2d 381 (9th Dist.1964); *Nielsen v. Meeker*, 112 Ohio App.3d 448 (8th Dist.1996). *Cox* at ¶ 22 ("the complainant bears the initial burden of demonstrating by clear and convincing evidence the other party has violated a court order"). "The burden then shifts to the party opposing the motion to establish a defense for nonpayment." *Grosz* at ¶ 18, citing *Rossen* at 384.

{¶ 14} In his first assignment of error, appellant states that the court retained jurisdiction to modify the support award, that the divorce decree required the spousal support award withheld from his income or assets, and that he paid the $171 back. These statements do not support a finding of plain error arising out of the trial court's determination of contempt based on failure to pay spousal support. First, we find no compelling reason for the trial court to have exercised its continuing jurisdiction to modify the spousal support in this case. Second, appellant's general statement about the divorce decree requiring the support payment withheld from his income does not clearly establish a defense to contempt. Third, appellant stipulated at the hearing to nonpayment of spousal support. Appellant's alleged repayment of the amount due in spousal support after the judgment at issue, while possibly relevant as one of several steps to purging himself of contempt under the terms stated by in the magistrate's decision, does not support reversal of the trial court's finding of contempt as reviewed here on appeal. Therefore, on this record, we find no plain error under the first assignment of error.

{¶ 15} Appellant further challenges the contempt finding in the third assignment of error by asserting that the trial court erred in determining appellant failed to cooperate in the preparation and execution of the COAPs. He asserts that the COAPs did not comply

with statutory requirements and that "cooperation was lacking on both sides" because appellee was aware that he was allegedly under medical and psychological care due to coping with multiple family health problems. (Appellant's Brief at 8.) We note that although appellant states now that his reason for not signing the COAPs is due to the lack of statutory compliance, the record shows that his position on this issue has changed. He initially asserted that he never received a copy of the COAP prior to it being submitted to the court, and in his motion for relief from judgment, he took issue only with the COAPs adherence to the divorce decree. In denying his motion for relief from judgment, the trial court found that he did receive the COAP, and he did not contest that finding. On appeal, appellant also seems to admit that he did not cooperate and acknowledges that his family problems are not an excuse. Considering all the above, we find no plain error in the trial court's decision to base a finding of contempt on appellant's lack of cooperation in preparing and executing the COAPs as ordered in the divorce decree.

{¶ 16} In his second assignment of error, appellant challenges the trial court's award of attorney fees. According to appellant, such an award was in error as appellee's "actions were made in retaliation" rather than actual damages. (Appellant's Brief at 7.) Appellant takes issue with the fact that appellee never asked the trial court about support prior to filing contempt charges and characterizes appellee's filing of the motion for contempt and interrogatories as an attempt to drain his financial resources.

{¶ 17} "The trial court has discretion to award attorney fees in contempt proceedings." *Grosz* at ¶ 24. R.C. 3105.18(G) provides that if a party is found in contempt for failing to pay ordered spousal support, the court "shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt." R.C. 3105.73(B) states that a court may award reasonable attorney fees associated with a post-decree motion arising from a divorce proceeding "if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."

{¶ 18} Our review of the record shows no evidence of retaliation by appellee. Moreover, the trial court's finding of contempt on the basis of appellant's admitted failure to pay spousal support and his lack of cooperation in preparing and executing the COAPs

supports the trial court's granting of attorney fees pursuant to R.C. 3105.18(G) and 3105.73(B). As such, we find no error, let alone plain error, to support appellant's arguments regarding attorney fees.

{¶ 19} Accordingly, appellant's first, second, and third assignments of error are overruled.

## V. CONCLUSION

{¶ 20} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

_____