[Cite as *Deitz v. Deitz*, 2017-Ohio-8354.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

PAUL DEITZ,

      PLAINTIFF-APPELLEE,                CASE NO. 14-17-05

      v.

JULIE DEITZ,                         **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Trial Court No. 10 DR 0010

Judgment Affirmed

Date of Decision:   October 30, 2017


APPEARANCES:

    *Thomas M. Tyack* for Appellant

    *Eugene R. Butler* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Julie S. Deitz ("Julie"), appeals the April 16, 2017 judgment entry of the Union County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} Plaintiff-appellee, Paul Deitz ("Paul"), and Julie were married in 2003 and were divorced in 2011. (Doc. No. 80); *Deitz v. Deitz*, 3d Dist. Union No. 14-11-06, 2012-Ohio-130, ¶ 2. One child was born as issue of the marriage. (*Id.*); *Id.* Paul appealed the trial court's final divorce decree.[1] (Doc. No. 84); *Deitz* at ¶ 5. We affirmed the trial court's final divorce decree on January 17, 2012. *Deitz* at ¶ 13.

{¶3} From 2013 through 2015, the parties filed a number of additional motions that are not the subject of this appeal. (*See* Doc. Nos. 90, 106, 111, 114, 135, 143, 160, 163, 164, 173).

{¶4} On May 13, 2016, Paul filed a motion requesting that the trial court find Julie in contempt for failing to provide to him the appropriate form for him to claim a federal tax exemption for the child. (Doc. No. 197). On November 7, 2016, Paul filed a motion requesting that the trial court "allow [him] the use of the child for income tax purposes in both odd and even years until such time as there exists a

---

[1] In Paul's appeal of the final divorce decree, this court recited much of the factual background of this case, and we will not duplicate those efforts here. *See Deitz v. Deitz*, 3d Dist. Union No. 14-11-06, 2012-Ohio-130.

basis for the further post decree action such as [Julie's] gainful employment." (Doc. No. 209).

{¶5} On November 18, 2016, Julie filed a motion requesting that the trial court award her attorney fees because "there is a substantial disparity in income and [she] has been subjected to ongoing litigation by [Paul]." (Doc. No. 212). Paul filed a memorandum in opposition to Julie's motion for attorney fees on November 21, 2016. (Doc. No. 213).

{¶6} After a hearing on December 5, 2016, the trial court's magistrate issued his decision on January 5, 2017 finding Julie in contempt of court for failing to provide Paul the appropriate tax-exemption form; granting Paul attorney fees resulting from Julie's contempt of court; reallocating the tax dependency exemption for the child to Paul for each tax year; and denying Julie's motion for attorney fees. (Doc. No. 224). Julie filed her objections to the magistrate's decision on January 17, 2017. (Doc. No. 227). On February 2, 2017, Paul filed a memorandum in opposition to Julie's objections to the magistrate's decision. (Doc. No. 228).

{¶7} On February 2, 2017, the trial court issued its order overruling Julie's objections to the magistrate's decision. (Doc. No. 229). On April 6, 2017, the trial court issued its entry finding Julie in contempt of court; awarding Paul attorney fees associated with Julie's contempt of court; reallocating the tax dependency exemption; and denying Julie's motion for attorney fees. (Doc. No. 230).

{¶8} Julie filed her notice of appeal on May 4, 2017. (Doc. No. 232). She raises four assignments of error for our review. Because they are related, we address Julie's first and second assignments of error together, followed by her third and fourth assignments of error.

### Assignment of Error No. I

**The Trial Court Erred in Finding the Defendant Guilty of Contempt When There Was No Order Requiring Her to Prepare and Submit Documents to the Plaintiff With Regard to Claiming the Child as a Dependent.**

### Assignment of Error No. II

**The Trial Court Erred in Ordering the Defendant to Pay in Excess of $2500.00 in Attorney Fees to the Plaintiff When the Record Was Clear that She Was, in Fact, Not Guilty of Contempt and Unemployed and the Court Used that Lack of Employment as a Predicate for Purporting to Change Her Right to Claim the Exemption Pursuant to the Provisions of Section 3119.82 of the Revised Code.**

{¶9} In her first assignment of error, Julie argues that the trial court erred in finding her in contempt of court for failing to provide Paul with the appropriate form for him to claim the tax dependency exemption for the child because the divorce decree did not include the requisite statutory language under R.C. 3119.82 mandating Julie to provide that form. In her second assignment of error, Julie argues that the trial court erred in imposing attorney fees since, according to Julie, she was not in contempt of the trial court's order. She further argues under her second

assignment of error that the trial court erred in imposing attorney fees without properly considering R.C. 3105.73(B).

{¶10} A trial court has inherent authority to enforce its prior orders through contempt. *Dozer v. Dozer*, 88 Ohio App.3d 296, 302 (4th Dist.1993). *See also* R.C. 2705.02(A). "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders." *Moraine v. Steger Motors, Inc.*, 111 Ohio App.3d 265, 268 (2d Dist.1996), citing *ConTex, Inc. v. Consolidated Technologies, Inc.*, 40 Ohio App.3d 94, 95 (1st Dist.1988). "'Clear and convincing evidence' has been defined as 'that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Ohio State Bar Assn. v. Reid*, 85 Ohio St.3d 327, 331 (1999), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶11} Under "R.C. 3105.73(B), a trial court may award attorney fees in a post-decree motion or proceeding arising out of a divorce action if the court finds the award equitable." *Roush v. Roush*, 10th Dist. Franklin Nos. 15AP-1071, 16AP-264, and 16AP-388, 2017-Ohio-840, ¶ 50. When deciding whether to award attorney fees, the court may consider "the parties' income, the conduct of the parties,

and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

{¶12} This court will not reverse a finding of contempt absent an abuse of discretion by the trial court. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981); *Dozer* at 302. Likewise, because a trial court has discretion to award attorney fees in contempt proceedings, we review a trial court's attorney-fee award for an abuse of discretion. *Rhea v. Rhea*, 10th Dist. Franklin No. 16AP-609, 2017-Ohio-4141, ¶ 17, citing *Grosz v. Grosz*, 10th Dist. Franklin No. 04AP-716, 2005-Ohio-985, ¶ 24. *See Walton v. Walton*, 3d Dist. Union No. 14-10-21, 2011-Ohio-2847, ¶ 39. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} Julie does not dispute that she did not provide Paul the appropriate tax-dependency-exemption form within the appropriate timeframe. Rather, Julie argues that the trial court abused its discretion by finding her in contempt of court because the March 21, 2011 divorce decree is ambiguous and did not provide notice of her obligations—that is, that she was to "sign a certain federal form within appropriate time limits." (Appellant's Brief at 6). In support of her argument, Julie contends that the trial court's tax-dependency-exemption order did not reference the

appropriate statutory provisions as it is required to do under R.C. 3119.82 to properly notify her of her obligations.

{¶14} "A party cannot be found in contempt if the contempt charge is premised on a party's failure to obey an order of the court and the order is not clear, definite, and unambiguous and is subject to dual interpretations." *Contos v. Monroe County*, 7th Dist. Monroe No. 04 MO 3, 2004-Ohio-6380, ¶ 15, citing *Chilcote v. Gleason Const. Co.*, 5th Dist. Ashland No. 01COA01397, 2002 WL 205851, *2 (Feb. 6, 2002), *Collette v. Collette*, 9th Dist. Summit No. 20423, 2001 WL 986209, *2 (Aug. 22, 2001), *Marysville v. Wilson*, 3d Dist. Union No. 14-94-8, 1994 WL 378992, *2 (July 20, 1994), *Smith v. Smith*, 10th Dist. Franklin No. 93AP-958, 1994 WL 9055, *3 (Jan. 13, 1994), and *In re Contempt of Gilbert*, 8th Dist. Cuyahoga Nos. 64299 and 64300, 1993 WL 526788, *2 (Dec. 16, 1993). However, "[a]n order is not ambiguous merely because a party misunderstands the order and a misunderstanding of an unambiguous order is not a defense to a contempt proceeding." *Id.*, citing *Chilcote* at *2 and *Gilbert* at *7. "To be ambiguous, the order must be unclear or indefinite and subject to dual interpretations." *Id.*, citing *Chilcote* at *2 and *Gilbert* at *8.

{¶15} Regarding the tax dependency exemption, the March 21, 2011 divorce decree provides:

> Father shall claim the child as a dependent for all Federal, State, City, and Local tax purposes in the odd years beginning 2011, and Mother in even years beginning in 2010. Father's ability to so claim is conditioned upon him being substantially current on his child support obligation for the calendar year in which he so claims.

(Doc. No. 80).[2]

{¶16} Contrary to Julie's argument, the tax-dependency-exemption order contained in the March 21, 2011 divorce decree is not unclear, indefinite, or subject to dual interpretations—that is, the order is not so ambiguous that Julie was unable to understand what was required of her. *See Lundy v. Lundy*, 11th Dist. Trumbull No. 2012-T-0100, 2013-Ohio-3571, ¶ 29 (concluding that the trial court's order allowing the father to claim the children for tax purposes was not so vague that the mother was unable to understand what was required of her or that compliance was impossible). *See also Stephens v. Stephens*, 5th Dist. Ashland No. 04-00A-027, 2004-Ohio-4640, ¶ 18-19 (concluding that the trial court's order that father could claim the minor children as dependents on his federal tax return was not vague or ambiguous).

{¶17} Moreover, if Julie believed that the trial court's order was improper or unclear, she could have appealed the order at the time it was issued, which she failed

---

[2] There is no dispute whether Paul was substantially current on his child-support obligation for the 2015 tax year.

to do. *See Lundy* at ¶ 30. Because Julie did not appeal the trial court's tax-dependency-exemption order, she waived any challenges to the merits of the underlying order as a defense. *See id.* at ¶ 34 ("when considering an appeal from a trial court's finding of contempt, the appellant cannot raise as a defense challenges to the merits of the underlying order from which the appellant did not directly appeal"), citing *Lucas v. Lucas*, 11th Dist. Lake No. 2007-L-058, 2007-Ohio-5607, ¶ 12. *See also id.* at ¶ 35, citing *Ahmad v. Ahmad*, 2d Dist. Montgomery No. 23740, 2010-Ohio-5635, ¶ 23 ("appellant could not question the validity of the original judgment in an appeal from contempt of that order, because the judgment was valid until overturned by direct attack") and *Bruce v. Bruce*, 3d Dist. Logan No. 8-82-3, 1982 WL 6849, *2 (Aug. 11, 1982) ("since the appellant failed to appeal from the decree in which the order leading to the contempt was made, the order 'remained a subsisting enforceable order which the trial court had no right to review or reverse when the issue of validity was raised merely in defense of the contempt motion'").

{¶18} Further, there is no evidence that Julie can collaterally attack the trial court's tax-dependency-exemption order—that is, Julie has not shown that the order is void and a nullity. *See id.* at ¶ 36 ("Provided that a judgment was voidable, and not void, errors relating to the underlying order must be raised on direct appeal, not in subsequent contempt proceedings."), citing *In re Marriage of Henson*, 11th Dist. Trumbull No. 2006-T-0065, 2007-Ohio-4376, ¶ 29, 31 ("if the judgment is within

the subject matter jurisdiction of the court, but is 'flawed and erroneous,' then the judgment is deemed voidable and 'the original order may not be collaterally attacked, but instead may be addressed only on direct appeal'"). Because Julie did not show that the order is void, Julie's arguments as to the merits of the judgment cannot be raised in this appeal. *Id.*

{¶19} Besides, that Julie now claims that she was unaware of what actions were necessary for her to comply with the trial court's order is disingenuous because Paul previously sought a finding of contempt against Julie for denying him the ability to claim the child as a dependent for the 2013 tax year. (*See* Doc. Nos. 135, 164, 188, 195). Although the trial court concluded that Paul "failed to establish by clear and convincing evidence that [Julie] acted in any manner to deny [Paul's] rights," Julie was put on notice of the divorce decree's tax-dependency-exemption order. If Julie was unclear as to her obligations to fulfill that order, she could have clarified the order at that time, but did not. For these reasons, we conclude that the trial court did not abuse its discretion by finding Julie in contempt of court.

{¶20} Because we conclude that the trial court did not abuse its discretion by finding Julie in contempt of court, we also conclude that the trial court did not abuse its discretion by awarding Paul attorney fees in relation to the contempt finding. *See Pace v. Pace*, 5th Dist. Tuscarawas No. 10 AP 02 0008, 2010-Ohio-3573, ¶ 45 (concluding that the trial court did not abuse its discretion by awarding attorney fees

after the trial court found mother in contempt of court for failing "to sign and return the IRS 8332 documents for the dependency exemption").

{¶21} However, although Julie does not challenge the amount of attorney fees awarded by the trial court, she argues that the attorney-fee award is contrary to R.C. 3105.73(B)—presumably because she is unemployed.  Nonetheless, Julie fails to recognize that R.C. 3105.73(B) permits the trial court to consider the parties' income *or* "any other relevant factors the court deems appropriate," except for the parties' assets, when determining whether an attorney-fee award is equitable.

{¶22} In overruling Julie's objections to the magistrate's decision, the trial court concluded that Julie

> has had the ability to retain counsel to defend [Paul's] motions now
> under review as well as pay her own attorney fees throughout the
> course of the case.  [Julie] was on notice of the risks incident to a
> finding of contempt.  There is no reason to believe she is unable to
> fund the reasonable fees and costs recommended by the magistrate.

(Doc. No. 229).  The trial court is permitted to consider any relevant factors that it deems appropriate when considering whether an attorney-fee award is equitable, including a party's access to monies to fund litigation.  The trial court did not consider the parties' assets when determining whether the attorney-fee award was equitable.  As such, the trial court properly considered R.C. 3105.73(B) in

concluding that it is equitable to award Paul attorney fees related to its contempt finding.

**{¶23}** For these reasons, we cannot conclude that the trial court abused its discretion by awarding Paul attorney fees in relation to the contempt finding. *See Roush*, 2017-Ohio-840, at ¶ 51.

**{¶24}** Julie's first and second assignments of error are overruled.

### Assignment of Error No. III

**The Trial Court Erred in Changing the Tax Exemption Provision as to the Child so that Plaintiff Could Claim the Child as a Dependent Every Year.**

**{¶25}** In her third assignment of error, Julie argues that the trial court erred by reallocating the tax dependency exemption. In particular, Julie argues that the trial court lacked authority to review the tax dependency exemption because "no motion or review of the child support order was before the court in December 2016." (Appellant's Brief at 10). As such, Julie contends that the only authority that the trial court had to modify the tax dependency exemption is under Civ.R. 60(B), and, according to Julie, no provision of that rule applies to grant the trial court the authority to modify the tax dependency exemption. Julie further argues that the trial court failed to make the requisite statutory findings under R.C. 3119.82 when it reallocated the tax dependency exemption to Paul.

**{¶26}** Julie is incorrect. Under Ohio law, "the trial court retains jurisdiction to modify the allocation of the income tax dependency exemption." *Hopton v. Preston*, 128 Ohio App.3d 571, 574 (9th Dist.1998). "The modern statutory authority regarding exemptions, R.C. 3119.82, states in pertinent part that '[w]henever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes.'" *Schott v. Schott*, 5th Dist. Tuscarawas No. 2003 AP 10 0082, 2004-Ohio-1914, ¶ 13, quoting R.C. 3119.82.

**{¶27}** Julie's argument that Paul's November 7, 2016 motion requesting the trial court to reallocate the tax dependency exemption did not constitute a motion to modify a court child support order is erroneous. *See id.* (concluding that the trial court had continuing jurisdiction to review the tax dependency exemption after father filed a motion requesting the trial court to reallocate the tax dependency exemption because "the General Assembly has clearly interwoven the award of the tax exemption with the issue of child support."). *See also Freed v. Freed*, 3d Dist. Hancock No. 5-15-15, 2015-Ohio-4527, ¶ 10 ("This court notes that there is no question that the trial court can modify the tax exemption for the year in which the motion was filed to grant it to the custodial parent who has the higher income.").

Case No. 14-17-05

We conclude that the trial court had continuing jurisdiction to review the tax dependency exemption as requested by Paul's November 7, 2016 motion.

{¶28} "This Court reviews a trial court's allocation of tax dependency exemptions for an abuse of discretion." *Greathouse v. Hilliard*, 9th Dist. Summit No. 28265, 2017-Ohio-2636, ¶ 10, citing *Lawrence v. McCraw*, 9th Dist. Medina No. 10CA0079-M, 2011-Ohio-6334, ¶ 14. As we noted above, an abuse of discretion means the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶29} "R.C. 3119.82 governs the designation of the parent entitled to claim a tax dependency exemption." *Carr-Woodard v. Woodard*, 8th Dist. Cuyahoga No. 103283, 2016-Ohio-5134, ¶ 33. "The [trial] court may permit the parent who is not the residential parent to claim the child as a dependent for federal income tax purposes only if the court determines that this furthers the best interest of the child and the payments for child support are substantially current as ordered by the court for the year in which the child will be claimed as a dependent." *Serra v. Serra*, 10th Dist. Franklin No. 15AP-528, 2016-Ohio-950, ¶ 36, citing R.C. 3119.82.

> In making its allocation determination, the court must consider "any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned

income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."

*Id.*, quoting R.C. 3119.82.

{¶30} In this case, the trial court's magistrate reviewed the statutory factors:

In the present case, [Julie] remains unemployed as she has been throughout the history of this case. The Judgement Entry of May 28, 2015 approved and adopted the finding that [Julie] is voluntarily unemployed and there is no evidence to disturb that finding. Upon the imputation of minimum wage to [Julie, 73% of the family income for the purposes of child support is earned by [Paul].

[Julie] testified that she has not claimed the federal tax exemption because she has no filed taxes in the years the exemption has been allocated to her. When asked why the exemption should not be allocated to [Paul], [Julie] testified that she may go back to work someday. That testimony is considered to be a mere speculation and not evidence of a present intent to exploit the exemption for the benefit of the child in the foreseeable future.

Upon consideration of the factors set forth in R.C. 3119.82 and the facts of this case, it is in the best interest of the child that the federal

tax dependency exemption for the child be allocated to [Paul] for each

tax year that [Paul] is eligible to claim the child under the IRS Code.

(Doc. No. 224).

**{¶31}** Julie objected the magistrate's decision regarding the tax dependency exemption. In overruling Julie's objection to the magistrate's tax-dependency-exemption determination, the trial court reviewed the record and the magistrate's findings and concluded that allocating the tax dependency exemption to Paul is in the best interest of the child.

**{¶32}** Based on our review of the record, the trial court considered the R.C. 3119.82 factors. The record supports the trial court's best-interest findings under R.C. 3119.82. Therefore, we cannot conclude that the trial court abused its discretion by reallocating the tax dependency exemption to Paul.

**{¶33}** Julie's third assignment of error is overruled.

**Assignment of Error No. IV**

**The Trial Court Erred in Ruling on the Objection to the Magistrate's Decision Overruling the Defendant's Motion for Attorney Fees When the Defendant, Prior to the Start of Trial, Pursuant to Rule 41(A) Withdrew the Motion Because the Records Subpoenaed From the Plaintiff's Employer Had Not Been Delivered and the Record Was Clear that this Was Being Done Pursuant to Rule 41(A) and Other Than on the Merits.**

**{¶34}** In her fourth assignment of error, Julie argues that the trial court erred by ruling on her motion for attorney fees after she voluntarily withdrew her motion prior to the start of trial under Civ.R. 41(A).

**{¶35}** As under our review of Julie's second assignment of error, we review a trial court's decision to award attorney fees for an abuse of discretion. *Rhea*, 2017-Ohio-4141, at ¶ 17, citing *Grosz*, 2005-Ohio-985, at ¶ 24. *See Walton*, 2011-Ohio-2847, at ¶ 39. As we previously stated, for this court to find that the trial court abused its discretion, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

**{¶36}** Julie does not challenge the trial court's denial of her motion for attorney fees based on its conclusion that her request is "devoid of merit"; rather, Julie challenges the trial court's decision to rule on the merits of her motion after she voluntarily withdrew her motion under Civ.R. 41(A). Based on our review of the record, the trial court properly reviewed the merits of Julie's motion for attorney fees.

**{¶37}** "Civ.R. 41(A) provides two methods for voluntary dismissal: by a plaintiff under Civ.R. 41(A)(1) and by order of the court under Civ.R. 41(A)(2)." *Infinite Sec. Solutions, L.L.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 39 (Kennedy, J., dissenting). "Dismissals pursuant to Civ.R. 41(A)(1) may be effected by the plaintiff, under certain circumstances, without an

order from the court." *Id.* Under Civ.R. 41(A)(1), a plaintiff may voluntarily dismiss a claim without an order from the court by:

> (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; [or]

> (b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Civ.R. 41(A)(1).

{¶38} "Dismissal under Civ.R. 41(A)(1) gives a party an absolute right to dismiss its claim any time before commencement of the trial." *Capital One Bank v. Woten*, 169 Ohio App.3d 13, 2006-Ohio-4848, ¶ 8 (3d Dist.), citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255 (9th Dist.1981). "However, a plaintiff's absolute right to voluntarily dismiss under Civ.R. 41(A)(1) requires filing of a written notice of dismissal. An oral motion will not suffice." *Id.*, citing *Douthitt* at 256 ("filing of papers required by the rules means 'filing them with the clerk of court.' Oral requests cannot be so filed") and *Lilly v. Lilly*, 26 Ohio App.3d 192, 193 (2d Dist.1985). *See also Forsthoefel v. Altier*, 4th Dist. Athens No. 05CA19, 2006-Ohio-1097, ¶ 14 ("Courts interpret Civ.R. 41(A)(1) to require a plaintiff to file his notice of dismissal in writing."), citing *Lilly* at 193, *Brown v. Johnson*, 10th Dist.

Franklin No. 80AP-167, 1980 WL 353532, *2 (June 26, 1980), and McCormac & Solimine, *Ohio Civil Rules Practice*, Section 13.03, at 331-332 (3d Ed.2003).

**{¶39}** "Civ.R. 41(A)(2) permits a plaintiff who cannot voluntarily dismiss pursuant to Civ.R. 41(A)(1) to move the court for an order dismissing the action without prejudice." *Infinite Sec. Solutions, L.L.C.* at ¶ 40. Civ.R. 41(A)(2) provides, in pertinent part, that "a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."

**{¶40}** Prior to the start of trial, Julie's trial counsel informed the trial court, "pursuant to Rule 41 A, I will dismiss that motion without prejudice which gives me the right to re-file it once I get my hands on those records." (Dec. 5, 2016 Tr. at 5). Julie did not ask the trial court to issue an order dismissing her motion; rather, Julie indicated that she would proceed to voluntarily dismiss the motion in accordance with the rule, but failed to file a written notice with the court. Because Julie did not file a written notice of dismissal in this case, Civ.R. 41(A)(1) does not apply. *Infinite Sec. Solutions, L.L.C.* at ¶ 39. *Compare Woten* at ¶ 10 ("Capital One did not file written notice of voluntary dismissal, but instead orally moved to voluntarily dismiss."). Moreover, the trial court did not issue an order dismissing Julie's motion for attorney fees. Accordingly, Julie's argument under her fourth assignment of error cannot be based on the authority of Civ.R. 41(A)(2). *See Infinite*

*Sec. Solutions, L.L.C.* at ¶ 40 ("Accordingly, the dismissal order in this case was not based on the authority of Civ.R. 41(A)(2), as neither Infinite nor Travelers moved the court to dismiss the action."). For these reasons, the trial court did not abuse its discretion by denying Julie's motion for attorney fees—that is, the trial court properly addressed the merits of Julie's motion for attorney fees.

**{¶41}** Julie's fourth assignment of error is overruled.

**{¶42}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**